Argued September 6; reversed September 14, 1932

# TURNER *v.* McMILLAN
### (14 P. (2d) 294)

*Dan J. Kenney* and *Ronald L. Reilly,* both of Portland, for appellant.

*John A. Beckwith,* of Portland, for respondent.

KELLY, J.   Shortly after 5 o'clock p. m. of November 26, 1930, plaintiff was driving his Star coupe automobile and the defendant was driving his Fargo truck in an easterly direction on the southerly side of Base Line Road about a quarter of a mile east of the intersection of the Barker road in Multnomah county, Oregon.   Plaintiff's coupe was ahead of defendant's truck. Plaintiff attempted to turn northerly into his private driveway and defendant attempted to pass plaintiff. A collision ensued.

Plaintiff charges defendant with neligence in driving at an excessive speed and at a speed of 45 miles per hour; in attempting to pass plaintiff on the left without sounding his horn or giving any notice or signal of his intent to pass; in attempting to pass at an unreasonably short distance from plaintiff's automobile; and in failing to heed the turning signal alleged to have been given by plaintiff.

In plaintiff's first cause of action, both general and special damages are claimed by plaintiff.   The special damages, so claimed, are for alleged loss of earnings. The second cause of action is based upon the alleged damage to plaintiff's coupe.

Defendant denies that he was negligent as charged by plaintiff or otherwise, and, in support of an alleged counterclaim for damages to defendant's truck, charges plaintiff with negligence, in failing to heed defendant's alleged signal as notice of an intention to pass plaintiff; in suddenly and unexpectedly turning to the left or northerly side of the highway; in failing to give any signal or warning of his intention so to

turn; in failing to have his automobile under control; in failing to keep a proper lookout for traffic and in maintaining upon his automobile material protruding in excess of six inches from the left side thereof and to such an extent as to block the view of any signal or indication which might have been made by plaintiff by the use of his hand.

■ Error is assigned in overruling motions for nonsuit and directed verdict. In support thereof, defendant argues that it affirmatively appears from plaintiff's testimony that plaintiff was negligent in failing to give the statutory signal of intention to turn to his left, and in failing to observe the whereabouts of defendant's car during the time that plaintiff was driving the last 100 feet before the collision. We think that there is evidence tending to show that as to defendant, plaintiff gave the statutory signal, namely, that of extending the arm horizontally. It is true the plaintiff was holding the door open at the time, but the door was not between defendant and plaintiff's arm. It is not necessary to decide what effect should be given in a case when the one sought to be charged with alleged negligence in failing to heed such a signal is in such a position that an open door of the car driven by the one giving the same prevents the other from seeing the extended arm. We think also that whether plaintiff was negligent in failing to observe the location of defendant's car during the last hundred feet of his illfated ride is a matter to be submitted to the jury. The testimony tends to show that plaintiff was then traveling at the rate of ten miles an hour. At that rate, 100 feet would be traversed in approximately 6.82 seconds. We are unwilling to hold plaintiff guilty of negligence, as a matter of law, for his failure to look for defendant's car during that interval or less than seven seconds.

For these reasons, we conclude that no error was committed by the learned trial judge in overruling the motions for nonsuit and directed verdict.

■ Error is assigned in giving an instruction as to the lawful rate of speed for an automobile. There is evidence to the effect that after defendant's truck ran into the side of plaintiff's coupe, the coupe was carried by the truck a distance of 52 feet. The defendant testified that at that time the brakes on the truck were applied with all the force defendant could command. We think that this constitutes some testimony tending to show a high rate of speed on the part of defendant's truck. The instruction as to speed was not abstract.

■ Driving upon the left side of a public highway, in order to pass another car going in the same direction, in itself is not negligence. The defendant requested the trial court to instruct the jury as follows:

"I instruct you that under the facts in this case the defendant would not be guilty of negligence for using the left-hand or northerly side of the roadway because the law specifically allows and permits such use while one automobile is engaged in passing another when traveling in the same direction."

The vice of this instruction lies in its reference to the facts in the case. The facts were contested. No reference is made in the requested instruction to any stated facts or circumstances upon which the right to use the left side of the highway could be legally justified. The court did not err in refusing to give this requested instruction.

■ Defendant's exception to the failure of the court to give this requested instruction does not serve to present the question of whether the court committed reversible error in failing to instruct at all upon the law applicable to the matter of an overtaking vehicle using

the left side of the highway in attempting to pass another vehicle going in the same direction. If the question were before us, we would hold that such instruction should have been given.

■ Defendant requested the court to give the following instruction:

"I instruct you that on plaintiff's first cause of action, before you can find for the plaintiff on the question of permanent injuries, if in your determination you come to that question, you must be satisfied from the preponderance of the evidence that he has suffered an injury which will be permanent."

This instruction, or one of similar import, should have been given and the failure of the court to so instruct upon request constituted error. We are not, however, prepared to say that under the facts of this case, it was reversible error.

The jury returned a verdict for plaintiff upon his first cause of action in the sum of $1,000. There was no segregation of general damages from special damages. We are unable to determine how much, if any, special damages were awarded.

■ Defendant excepted to the submission to the jury of plaintiff's claim for special damages on the ground that no testimony was offered in support of such claim. We are unable to find any testimony from which the jury or the court could find that plaintiff suffered any damage by reason of loss of earnings. There is testimony to the effect that prior to the collision he was earning $200.00 per month, but the record is absolutely silent as to the amount that he earned after the collision.

It does appear that plaintiff was engaged in raising and selling chickens and that he was detained at home several days; that his ability to get around upon

his feet was impaired, and plaintiff testified that in order to continue to buy and sell after the accident, he would be required to be on his feet all the time every day, and that there wasn't a day at any time that he could get out and stand on his feet all day "collecting chickens or something of that kind." There is nothing in the record to advise the court how much less, if any, plaintiff's profits or gross receipts were after the collision than before. In fact, there is nothing to show that such profits or receipts were any less. For these reasons, error was committed in submitting the issue of alleged special damages to the jury. If there had been a segregation of special damages from general damages in the verdict, we could finally dispose of this case by directing a remittitur of the amount of the special damages; but that course is not available.

This cause is reversed and remanded for further proceedings not inconsistent herewith.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.